**SO ORDERED.**

**SIGNED this 17 day of May, 2017.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

THOMAS EDWARD MATUSAK,                    CASE NO. 14-02032-5-SWH
                                          CHAPTER 13
    DEBTOR.


### ORDER DENYING MOTION FOR DIRECTED VERDICT

This matter came on to be heard upon the motion of Maureen Brown (Brown) to

modify the chapter 13 plan of the debtor, Thomas Edward Matusak, pursuant to § 1329 of

the Bankruptcy Code.  A hearing was held on January 19, 2017, in Raleigh, North Carolina.

At the conclusion of the hearing, counsel for the debtor made an oral motion for directed

verdict based upon the alleged insufficiency of Brown's evidence as presented.  After

argument on the request for directed verdict was made, the court invited the parties to

submit supplemental materials.  All parties, including the chapter 13 trustee, filed

supplemental memoranda of law on February 8, 2017, in support of their respective

positions.  On February 9, 2017, the debtor filed a motion to strike portions of the

supplemental memoranda filed by Brown and the chapter 13 trustee, which he amended on

February 10, 2017. Specifically, the debtor's amended motion to strike seeks to remove portions of the creditor and trustee's supplemental memoranda he believes go beyond legal argument and inject new evidence not presented during the hearing. The court addresses all these matters herein.

## BACKGROUND

Brown and the debtor were married on December 13, 2003. After nearly six years of marriage, the parties separated in 2009 and were formally divorced on November 12, 2010. Brown initiated an action in Wake County, North Carolina against the debtor for breach of the parties' prenuptial agreement. The state court action resulted in a judgment in the amount of $204,494.50 in Brown's favor dated December 6, 2013.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on April 9, 2014. At the time of the petition, the debtor reported gross monthly income of $7,500.00 ($90,000 annually) based solely on commissions from his employment as a mortgage loan originator. On Schedule I the debtor noted his income varied and was a "best guess projection." Because the debtor reported below median income at the time of filing, his proposed chapter 13 plan provided for a 36 month applicable commitment period. 11 U.S.C. § 1325(b)(4).

On September 28, 2015, Brown filed a motion to dismiss and objection to confirmation of the debtor's proposed plan largely on the grounds that the debtor failed to propose a plan which accounted for undisclosed but anticipated increases in monthly income. The debtor responded by asserting that his plan should be confirmed because any increases in income could be dealt with in the future through plan modifications pursuant to § 1329. Brown withdrew her motion to dismiss and objection to confirmation on

2

November 17, 2015, and the court confirmed the debtor's chapter 13 plan on January 8, 2016.  The confirmed plan provided that the debtor pay $104,705.20 in aggregate payments to the trustee as follows: $33,195.20 paid through November 2015, followed by $2,000 per month for 16 months (December 2015 - March 2017); then, in January 2016, a $15,000 payment, followed by a one-time payment of $24,510.00 in April 2017.  The plan also required the debtor provide periodic income information to Brown.

As part of the confirmed plan requirement that Brown be updated on the debtor's income, the debtor provided Brown with copies of his federal and state tax returns showing annual income of $120,956.00 in 2015.  The debtor also provided Brown with payroll reports in 2016 showing gross monthly income of $13,093.33 (an increase from the gross monthly income of $7,500 at the time of the petition).  Based on the increases depicted in the periodic financial reporting, on November 30, 2016, Brown filed a motion to modify plan pursuant to § 1329.  The motion alleges the increase in the debtor's income is a substantial and unanticipated change in financial circumstances warranting a modification to the confirmed chapter 13 plan.  Specifically, Brown asserts the debtor should be required to pay increased monthly payments into the bankruptcy estate, and that the applicable commitment period should be extended by 24 months.

## DISCUSSION

Section 1327(a) of the Bankruptcy Code provides "[t]he provisions of a confirmed plan bind the debtor and each creditor." 11 U.S.C. § 1327(a). However, "[l]ike other contracts, a confirmed Chapter 13 plan is subject to modification." *Murphy v. O'Donnell (In re Murphy),* 474 F.3d 143, 148. (4th Cir. 2007).  "Under certain circumstances, confirmed Chapter 13 plans may be modified. . . .  But modifications are allowed only for

the purposes set forth in the statute." *In re Powers*, 507 B.R. 262, 268 (Bankr. Ill. 2014) (reversed on other grounds); *See*, *In re Miller*, 2002 Bankr. LEXIS 2137, *7 (Bankr. M.D.N.C. April 19, 2002) ("Section 1329 permits modification of a confirmed plan for one of the limited purposes enumerated within that section"); *see also*, *In re Wilburn*, 2016 Bankr. LEXIS 3081, *5-6 (Bankr. W.D. Va. August 22, 2016)("Section 1329 of the Bankruptcy Code permits modification of a Chapter 13 plan after confirmation, and that section exists for a reason – sometimes debtor's circumstances can and do change . . . the modification options set forth in Section 1329(a) are not mutually exclusive, and are available either separately or in combination, provided the applicable elements of Section 1329(b)(1) are met.").  Pursuant to § 1329(a), a plan may be modified to:

> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor . . . .

11 U.S.C. § 1329(a).

While a plan may be modified for the above statutory reasons, the inquiry of when to modify a confirmed plan is a multi-step process.  When "faced with a motion for modification pursuant to §§1329(a)(1) or (a)(2), the bankruptcy court must first determine if the debtor experienced a substantial and unanticipated change in his post-confirmation financial condition." *In re Murphy*, 474 F.3d 143 at 150.  Absent a substantial and

4

unanticipated change in financial circumstances, a confirmed plan has a *res judicata*[1] effect

on matters within the scope of §1329.  *See*, *In re Arnold*, 869 F.2d. 240 (4th Cir. 1989).  If

the debtor crosses the "substantial and unanticipated hurdle," and assuming the proposed

modification is for one of the reasons enumerated in § 1329(a), the court may then

determine whether the proposed modification complies with § 1329(b)(1).  *Murphy*, 474

F.3d 143 at 150.  "To summarize, in order to justify the modification of a confirmed plan,

the movant must demonstrate: (1) a substantial and unanticipated change in circumstance;

(2) that the modification is for one of the purposes listed in § 1329(a); and (3) that the

proposed modification will comply with § 1329(b)."  *In re Williams*, 2016 Bankr. LEXIS

2733, *4 (Bankr. E.D.N.C. July 28, 2016).  Allowing modification in anything other than

these limited circumstances would be against public policy since "there is no reason . . . to

relitigate issues which were decided in the confirmation order or which were available at

the time of confirmation but not raised by the parties." *Id.* at 149 (citing *In re Butler*, 174

B.R. 44, 47 (Bankr. M.D.N.C. 1994)).

Accordingly, the court first determines Brown has met the burden of demonstrating

the debtor experienced a substantial change in income post-confirmation. Although the

*Arnold* court did not specifically define "substantial," the court found an increase in the

debtor's annual salary from $80,000 to approximately $200,000 was a substantial change

in the debtor's financial condition. *Arnold*, 869 F. 2d at 234.  Other courts have similarly

---

[1] While *Arnold* is controlling in the Fourth Circuit, and applicable to this court's modification analysis, other circuits, including the First, Fifth, and Seventh Circuit disagree with the additional requirements *Arnold* places on the movant.  Those circuits decline to adopt the Fourth Circuit approach and interpret the plain statutory language Congress enacted as an exception to the finality of an order confirming a chapter 13 plan. *See*, *In re Witkowski*, 16 F.3d 739 (7th Cir. 1994); *see also*, *Barbosa v. Solomon*, 235 F.3d 31 (1st Cir. 2000); *In re Meza*, 467 F.3d 874 (5th Cir. 2006).  The Bankruptcy Court for the Northern District of Georgia is the most recent court to criticize *Arnold*. *In re Guillen*, 2017 Bankr. LEXIS 988 (Bankr. N.D. Ga. April 10, 2017).

found that increases or decreases in income of approximately 50% are "substantial." *See*, *In re Swain*, 509 B.R. 22 (Bankr E.D. Va. 2014)(an increase in the debtors combined monthly income of nearly 50% was substantial); *see also*, *In re Runnels*, 530 B.R. 626 (W.D.N.C 2015)(the debtor was allowed to modify the plan to reduce the plan payment after encountering a 52% decrease in income). Here, at the time of the petition in 2014, the debtor was earning an annual income of approximately $90,000. Post-confirmation, the debtor's annual income increased to $164,829.92. This is an increase of $74,829.92 annually, or an approximate 83% increase in the debtor's income. Following *Arnold* and the line of cases where a 50% adjustment qualifies as a substantial change, the court finds the 83% increase in income at issue here is substantial.

The court next assesses whether the increase in the debtor's income was "unanticipated." When determining if an increase is "unanticipated," it must be determined "whether a debtor's altered financial circumstances could have been *reasonably anticipated* at the time of confirmation by the parties seeking modification." *In re Fitak*, 92 B.R. 243, 250 (Bankr. S.D. Ohio 1988)(emphasis added). Here, Brown is the ex-wife of the debtor. In addition to their former spousal relationship, while married Brown and the debtor worked together with Brown holding a supervisory role over the debtor. From both prior relationships, Brown knows, better than most, that the debtor's income was commission based and subject to market fluctuation. At the hearing, Brown testified the debtor's income was generally consistent, but conceded there were times it was higher. This firsthand knowledge of the debtor's income leads the court to the conclusion the increase in the debtor's income could be reasonably anticipated by Brown at the time of confirmation.

The court is further persuaded the increase in the debtor's income was anticipated because Brown's motion to dismiss and objection to confirmation was largely based upon the failure to propose a plan which accounted for undisclosed but anticipated increases in monthly income. Brown withdrew her motion to dismiss and objection prior to confirmation, but the order confirming the plan accounted for future increases in income by providing for increased plan payments at the time of confirmation. The inclusion of this language into the confirmed plan suggests a change in the debtor's income was anticipated. In strict compliance with *Arnold*, this finding would generally not allow for modification. However, in this instance, despite finding the increases in the debtor's income were reasonably anticipated, it would be inequitable not to allow modification.

In his response in opposition to Brown's motion to dismiss and objection to confirmation the debtor asserted, "…after confirmation any party in interest would be able to file a motion to modify pursuant to section 1329 of the Bankruptcy Code." Brown withdrew her motion to dismiss and objection to confirmation after the debtor's response, affording the debtor a clearer path to confirmation. A party may not take a position in a later proceeding in direct contradiction to the position they took in an earlier proceeding. This is especially true where the position taken in the prior proceeding led to a successful outcome. *See*, *Angell v. Heherrin Agric & Chem. Co. (In re Tanglewood Farms, Inc.)*, 2013 Bankr. LEXIS *23 (Bankr. E.D.N.C. May 1, 2013). Judicial estoppel precludes the debtor from changing his position on modification to block his ex-wife from seeking modification, where previously he invited her (and any other creditor) to invoke § 1329. *See*, *Id.* ("Judicial estoppel is a 'discretionary tool' courts use primarily to protect the integrity of the courts and the judicial process . . . ."); *see also*, *King v. Herbert J. Thomas*

7

*Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998) ("Acting on the assumption that there is only one truth about a given set of circumstances, the courts apply judicial estoppel to prevent a party from benefiting itself by maintaining mutually inconsistent positions regarding a particular situation.  As we have previously observed, the doctrine is invoked to prevent a party from 'playing fast and loose with the courts,' from 'blowing hot and cold as the occasion demands,' or from attempting 'to mislead the [courts] to gain unfair advantage.'")(*citing Lowery v. Stovall*, 92 F. 3d 219, 223 (4th Cir. 1996)).  The court cannot allow the debtor to deny Brown the opportunity to seek modification of the confirmed plan when he believed modification was an option, and argued modification as a basis for why the court should not allow the motion to dismiss.  Therefore, the court believes the creditor should be able to seek modification of the plan.  However, the manner in which Brown proposes modification must still be evaluated.

> Section 1329(c) provides---
>
> A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329(c).

Here, the debtor's plan was confirmed on January 8, 2016.  The first payment under the confirmed plan was due on February 1, 2016, and because the debtor was a below median income debtor the confirmed plan provided for a three year applicable commitment period.  Therefore, unless modified, the applicable commitment period will expire on January 31, 2019.  The modification proposed by Brown seeks to increase the monthly plan payment from $2,000 a month to $6,373.02 for each remaining month under the plan, and

8

extend the applicable commitment period from 36 to 60 months in order to provide unsecured creditors with a larger dividend. This modification would extend the applicable commitment period through January 31, 2021, which is at the five year mark, but not beyond. Thus, the court need not find additional cause to allow the modification which on its face complies with § 1329(c).

Because the court finds Brown has carried her burden for a modification under 11 U.S.C. § 1329, the motion made by the debtor for directed verdict is denied. Additionally, in reaching the conclusion that modification under § 1329 is permissible, the court relied only upon those facts presented during the hearing and in the initial pleadings. Although the court has given consideration to the legal arguments presented in the supplemental memoranda filed by the parties, it has not given any weight to extraneous facts which were not already part of the record at or during the hearing on the motion to modify (with the exception that the court may take judicial notice of testimony elicited from the parties during the § 341 meeting of creditors). Since the court's determination was reached independently of those facts the debtor desires stricken, the debtor's motion to strike is moot.

## CONCLUSION

Based on the forgoing, the debtor's motion for directed verdict is **DENIED**. Accordingly, the court shall set a time to resume the hearing on the motion to modify the debtor's chapter 13 plan. The debtor's amended motion to strike is **DENIED** as moot.

## END OF DOCUMENT